## Joseph C. Merritt *vs.* Nelson K. Disney.

*When words of Limitation are not necessary in a Deed, to convey an estate in Fee simple—Deed executed prior to the Act of 1856, ch. 154, construed to convey an estate in Fee simple, without the use of the words, "and their heirs"— Same construction and effect given to the same words in a Deed and in a Will to which the Deed referred.*

The general rule is that in deeds the conveyance must be to the grantee "and his heirs" in order to pass the fee; but if in a particular case it plainly appears from the terms and provisions of the deed itself, the purposes it was designed to subserve, and the circumstances under which it was executed, that the intention was to convey an absolute estate, such an estate will pass without such words of limitation.

The grantor in a deed executed prior to the Act of 1856, ch. 154, in consideration of the sum of $806, conveyed the land therein described, to Hanson P. Rutter, his heirs and assigns, "in trust, however, for the sole and separate use and benefit of Eliza Disney, wife of Snowden Disney, who is now in possession thereof, *for and during her life,* and from and after her death, *for the use and benefit of her children,*" with power to the trustee, upon the written assent of the said Eliza, "to sell all or any part of said lot of ground and to invest the proceeds as she may direct: the said purchase money being part of a legacy of $1200 given to the said Eliza by the will of Mary Rutter, the deceased mother of said Hanson and Eliza, charged on her moiety of a part of a tract of land called 'Parish's Range,' devised to said Hanson by said will, and which has been invested in the ground hereby conveyed at her request as is evidenced by her signature hereto." The deed was signed not only by the grantor, but also by Hanson P. Rutter, the trustee, and by Eliza Disney. By the will of Mrs. Rutter, executed the 29th of October, 1850, and admitted to probate in January, 1851, the testatrix recited that she was empowered by a deed of trust between her husband and herself, of the one part, and their son, Hanson P. Rutter, of the other part, dated the 26th of October, 1850, to devise a *moiety* of the farm or country seat which her husband and herself had occupied for many years, and the whole of her undivided interest in certain real estate which fell to her as one of the heirs at law of her

deceased brother and sister, and in execution of this power she devised her *moiety* of "Parish's Range" to her son, Hanson P. Rutter, his heirs and assigns, upon the express condition that he should pay to her daughter Eliza Disney, "for her sole and separate use for life, and of her children after her death, the sum of twelve hundred dollars," and also a like sum to the children of her deceased daughter Sarah. She then devised all her undivided interest in certain lots near the City of Baltimore, which she acquired as one of the heirs of her deceased brother and sister, to her said son Hanson and his heirs in *trust* to sell the same and divide the proceeds, "*one-half* to my daughter Eliza for and *during her life for her sole and separate use and benefit, and from and after her death for her children*," and "with power to invest half of said proceeds in whole or in part in any other real estate which he may deem advantageous for said daughter and her children;" the other half to divide "among the children of my said deceased daughter Sarah." HELD:

1st. That reading the deed in connection with the will, it was clear that the purpose of the parties who signed the deed, was to convey to Mrs. Disney and to her children, respectively, the same interest and estate in the land which the will gave them in the legacy.

2nd. That the grant in the deed in favor of the children had the same effect as if it had in terms said, for them "and their heirs;" and after the death of their mother, who took an equitable life estate, they took a legal estate in fee.

APPEAL from the Circuit Court of Baltimore City.

The bill in this case was filed by the appellee for the specific performance of an agreement in writing for the conveyance to him, by the appellant, of a leasehold estate in Baltimore County, in consideration of the conveyance by the appellee to the appellant of certain other land in said county in fee simple. The appellant answered the bill admitting the agreement for the exchange of the property, but charged that the appellee had not the power or ability to convey said land in fee simple, and therefore claimed that he, the respondent, could not be called upon to execute the assignment of his leasehold property to the complainant. By deed dated the 15th of December, 1852, Sidney Hall, in consideration of the sum of $806, conveyed certain land in Baltimore County, of which she was

seized in fee, to Hanson P. Rutter, his heirs and assigns, "To have and to hold the said lot or parcel of ground and premises to the said Hanson P. Rutter, his heirs and assigns. In trust, however, for the sole and separate use and benefit of Eliza Disney, wife of Snowden Disney, who is now in the possession thereof, for and during her life, and from and after her death, for the use and benefit of her children, with power to the said Hanson P. Rutter, with the assent in writting of said Eliza, to sell all or any part of said lot of ground, and to invest the proceeds as she may direct; the said purchase money being part of a legacy of 1200 dollars given to the said Eliza by the will of Mary Rutter, the deceased mother of said Hanson and Eliza, charged on her moiety of a part of a tract of land called 'Parish's Range,' devised to said Hanson by said will, and which has been invested in the ground hereby conveyed, at her request, as is evidenced by her signature hereto." This deed was signed and sealed not only by the grantor, but also by Hanson P. Rutter, the trustee, and by Mrs. Eliza Disney. Mrs. Eliza Disney died intestate, leaving children, and Hanson P. Rutter also died, and no trustee was appointed in his stead. After the death of the said Mrs. Disney, a division was made between her children of the parcel of ground conveyed by the foregoing deed. Under this division, the appellee, one of the children of the said Mrs. Disney, claimed to hold the lot of ground which he agreed to convey to the appellant. The case is further stated in the opinion of this Court. The Circuit Court, (GILMOR, J.,) being of opinion that under the deed from Sidney Hall to Hanson P. Rutter, trustee, the title to the land therein described, which had been purchased with money bequeathed to Mrs. Eliza Disney, for life, and after her death to her children, became vested at the death of the said Mrs. Disney in her children, and that they were competent to convey a good and sufficient title in fee simple to the said property, of

which the parcel contracted to be conveyed to the respondent, formed a part, decreed the specific performance of the agreement. From this decree the respondent appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*John B. Wentz,* for the appellant.

The appellee bases his title upon the deed from Sidney Hall to Hanson P. Rutter. The grant is to Hanson P. Rutter, *his heirs and assigns,* with power to *him* to sell. This the appellant conceives to be a full disposition of the fee to Rutter. Then, there is carved out of this, a life estate to Eliza Disney, and then are these words, "and from and after her death, for the use and benefit of her children." These are the words, upon the construction of which the title of Nelson K. Disney, one of "her children," is based; and the question arises, can he convey to Merritt a fee by virtue of these words and these words alone?

The part of the *habendum* after the words, "for the use and benefit of her children," to the end of that paragraph, has no bearing on the tenure or character of the title acquired by the *children.*

By it, Rutter is enabled to sell during his life-time, upon certain conditions if he pleases.

The deed is dated in 1852, therefore before the Code.

1 *Blackstone's Comm.,* 108, (*margin,*) says: The word " *heirs,*" is necessary in the grant or donation, in order to make a fee or inheritance. *Spessard vs. Rohrer,* 9 *Gill,* 261, 262.

The appellant conceives that Mr. Disney must base *his title* upon the deed from Sidney Hall to Hanson P. Rutter, and upon that alone. The will of Mary Rutter is the basis of the *purchase money, not of the title,* and should be excluded from the discussion of the case. It seems imma-

terial to the appellant as between himself and Disney, whence the purchase money came. The question in this case is not what *equitable title* Eliza Disney or her children may have in the land as against her and their trustee, Hanson P. Rutter, but what *legal title* she or they are able to convey to Merritt under the deed.

The will, if taken together with the deed, weakens the case of the appellee, and for these reasons :—The will devises to Hanson P. Rutter, undivided moieties of some lands, and then says " on the express condition that he shall pay to my daughter Eliza or Elizabeth J. Disney, for her sole and separate use for life, and of her children after her death, the sum of twelve hundred dollars, within one year from the time of my death or from the death of my husband, should he survive me.''

This clause appears to the appellant, to mean that " Eliza Disney, the mother of the appellee, was entitled to the income of the $1200 during her life-time, and that after her death, Rutter, the trustee, was to pay to the children of Eliza Disney the $1200.''

There is nothing in the deed incompatible with the provisions of the will. The land is conveyed to Hanson P. Rutter, his heirs and assigns, but the deed contains a clause, showing that the consideration he paid was paid out of the trust money which was intended for his sister's children upon her death, and thus it seems to the appellant, the $806 are made an equitable charge upon the land to be paid to the children upon the death of the mother.

If the deed to this land had been made to Rutter and his heirs, in trust to pay his sister $48.36 ($806 at 6 per cent.,) per year during her life, and upon her death, pay $806 to her children, the purpose of the will would have been effected, and if the appellant be right in this, then the deed referring to the will and adopting its very words, must be construed with an eye to said purpose. The testatrix intended that money should be paid to the children

of Eliza and not land, for where she intended land to go she said so.

But suppose it were true that the whole land vested in the children of Mrs. Disney upon her death, still it cannot be contended that they hold the *legal title.* The grant is to Hanson P. Rutter, his heirs and assigns, for the use of Mrs. Disney for life, and upon her death, for the use of her children ; and even upon the most liberal construction, the children of Mrs. Disney have but the equity, and the *legal title is in Rutter, his heirs and assigns,* and Merritt is entitled under his contract to that legal title as well as the equitable title, and this the appellee refused to give, but offered instead the deed from the children only.

The death of the trustee is immaterial, since the fee descends to his heirs by the terms of the deed, and the fact is that he had heirs.   And if there is no trustee, it is the duty of the grantor to complete his title and have one appointed, if there is none under the deed, and have him join in the new conveyance before he can expect the grantee to accept under the contract for a title in fee simple.

*Richard J. Gittings,* for the appellee.

The operation of the deed from Sidney Hall to Hanson P. Rutter, trustee, was to vest a remainder in fee in the children of Mrs. Disney, after the expiration of her equitable life estate.   *Ware vs. Richardson,* 3 *Md.,* 505.

*Ware vs. Richardson* is undistinguishable from the present case.   There, as here, the grant to the trustee was coupled with words of inheritance ; an equitable life estate was interposed, and the ultimate remainder of the trust or use was limited to individuals described as the heirs (or children) of Mrs. Richardson, (the word heirs being used as a word of *purchase,)* without the addition of words of inheritance, and the Court of Appeals, after the preliminary difficulty, arising from the question of the operation of the rule in *Shelley's Case* had been disposed of,

had no hesitation in holding that the remaindermen took a fee simple interest

As the purchase money, constituting the consideration, proceeded from the children, (subject only to the life interest of Mrs. Disney,) the *use*, after her death, necessarily went to them.

No proposition can be clearer than that a purchase avowedly made with a trust fund, and an investment of it, enures to those to whom the fund belongs according to their respective interests. 1 *Perry on Trusts, secs.* 127, 128; *Keller vs. Keller, et al.,* 45 *Md.,* 269; *Groff, et al. vs. Rohrer,* 35 *Md.,* 335; 2 *Story Eq. Jur., sec.* 1201.

MILLER, J., delivered the opinion of the Court.

The only question in this case is whether the children of Mrs. Disney, took, after her death, a legal estate in fee in the land conveyed by the deed from Sidney Hall to Hanson P. Rutter, trustee, bearing date the 15th of December, 1852. This deed was executed prior to the Act of 1856, ch. 154, and prior to the adoption of the Code which (*Art.* 24, *sec.* 11,) provides that no words of inheritance shall be necessary in any conveyance of real estate to create an estate in fee simple, but every such conveyance shall be construed to pass a fee simple estate, unless a contrary intention shall appear by express terms or be necessarily implied therein. The same provision in effect had been long before made with respect to devises of real estate by will. *Act of* 1825, *ch.* 119. It is true the general rule is that in deeds the conveyance must be to the grantee, "and his heirs," in order to pass the fee, and probably but few deeds were ever drawn in this State prior to the Act of 1856, where the design was to convey an absolute estate, in which these words were omitted. But to this general rule there are some exceptions. Thus in a conveyance to a trustee for the benefit of creditors, with power of sale, a fee will pass without these words, because a sale of

the fee is necessary in order to execute the trust. *Spessard vs. Rohrer*, 9 *Gill*, 261.   In that case the Court adopted a citation from 4 *Kent's Com.*, 304, where it is said, " an assignment or conveyance of an interest in trust will carry a fee without words of limitation, when the intent is manifest."   The rule is not so universal and imperious as to require the Courts in every case where the instrument is a deed and not a will, to hold that these words must be used in order to pass a fee.   If in a particular case it plainly appears from the terms and provisions of the deed itself, the purposes it was designed to subserve, and the circumstances under which it was executed, that the intention was to convey an absolute estate, such an estate, in our opinion, will pass without such words of limitation.

Now, in this case the grantor in consideration of the sum of $806, conveys the land to Hanson P. Rutter, his heirs, and assigns, *habendum* to the said Hanson P. Rutter. his heirs and assigns, " in *trust*, however, for the sole and separate use and benefit of Eliza Disney, wife of Snowden Disney, who is now in possession thereof, *for and during her life,* and from and after her death *for the use and benefit of her children,*" with power to the trustee, upon the written assent of the said Eliza, "to sell all or any part of said lot of ground and to invest the proceeds as she may direct: the said purchase money being part of a legacy of $1200, given to the said Eliza by the will of Mary Rutter, the deceased mother of said Hanson and Eliza, charged on her moiety of a part of a tract of land called 'Parish's Range,' devised to said Hanson by said will, and which has been invested in the ground hereby conveyed at her request, as is evidenced by her signature hereto;" and the instrument is signed and sealed not only by the grantor Sidney Hall, but also by Hanson P. Rutter, the trustee, and by Eliza Disney.   By the will of Mrs. Rutter here referred to, executed on the 29th of October, 1850, and admitted

to probate in January, 1851, the testatrix recites that she is empowered by a deed of trust between her husband and herself of the one part, and their son, Hanson P. Rutter, of the other part, dated the 26th of October, 1850, to devise a *moiety* of the farm or country seat which her husband and herself have occupied for many years, and the *whole* of her undivided interest in certain real estate which fell to her as one of the heirs-at-law of her deceased brother and sister, and in execution of this power she devises her *moiety* of "Parish's Range" to her son Hanson P. Rutter, his heirs, and assigns, upon the express condition that he shall pay to her daughter Eliza Disney, "for her sole and separate use for life, and of her children after her death, the sum of twelve hundred dollars," and also a like sum to the children of her deceased daughter Sarah. She then devises all her undivided interest in certain lots near the City of Baltimore, which she acquired as one of the heirs of her deceased brother and sister, to her said son Hanson and his heirs in *trust*, to sell the same and divide the proceeds, "*one-half* to my daughter Eliza, for and *during her life for her sole and separate use and benefit, and from and after her death for her children*," and "with power to invest half of said proceeds in whole or in part in any other real estate which he may deem advantageous for said daughter and her children;" the other half to divide "among the children of my said deceased daughter Sarah."

Reading the deed in connection with this will the intention of the parties who signed it is too manifest to be mistaken. The land was purchased by the trustee with the assent of Mrs. Disney the mother, with part of the legacy given by the will, and it seems to us clear that the purpose was to convey to her and to her children respectively the same interest and estate in the land which the will gave them in the legacy. In fact, the deed in terms follows and copies the language of the will in giving a *life estate*

to the mother, and then upon her death giving the property to *her children.* To give to the words of the deed a different construction and effect from that which must be placed upon the same words in the will to which the deed expressly refers, would, we think, work a total subversion of the intention of the parties, and make the instrument a very different thing from what it was designed to be. We therefore hold that the grant in favor of the children has the same effect as if it had in terms said for them, "and their heirs." Thus construed it is very similar to the deed in *Ware vs. Richardson,* 3 *Md.,* 554, which was held to pass an equitable life estate to Mrs. Richardson, a married woman, and to execute the legal estate in fee in her heirs. So in the deed before us, Mrs. Disney took an equitable life estate, and upon her death her children took a legal estate in fee.

*Decree affirmed, and*
*cause remanded.*

(Decided 26th March, 1878.)