## CIRCUIT COURT OF BALTIMORE CITY

Filed April 24, 1890.

BIRCKHEAD
VS.
BIRCKHEAD.

DENNIS, J.—

This case depends upon the construction of a deed executed in 1824 by one Robert A. Caldcleigh to James and Lennox Birckhead of certain property on Charles street in trust. It first provides that the grantees shall hold in trust for the proper use and benefit of Catharine Augusta Birckhead, for and during her natural life, and free from control of her husband, &c., and then proceeds as follows: "And from and immediately after the decease of the said Catharine Augusta Birckhead,

then in trust for all the children of the said Catharine Augusta by the said Hugh Birckhead and their descendants in fee, the issue or descendants of any deceased child of the said Catharine Augusta by the said Hugh Birckhead to take the part, share or portion to which its or their parent would, if living, be entitled, if such issue or descendant there shall be, who shall survive the said Catharine Augusta." The question is as to what estate the children of Catharine Augusta Birckhead took? It is undoubtedly true that prior to the Act of 1856, the word "heirs" was necessary in order to give the grantee an estate in fee simple.

Hollingsworth vs. McDonald, 2 H. & J. 231. But this rule was subject to some exceptions (4 Cruise's Digest, &c.); and in this State the Court of Appeals, while recognizing the importance of adherence to it as a rule of property, has declared that it is not a rule of such universal and imperative operation, as to be allowed to defeat the intention of the grantor where such intention is clearly manifest. In Merritt vs. Disney, 48 Md. 344, after reciting the rule, they say:

"If in a particular case it plainly appears from the terms and provisions of the deed itself, the purposes it was designed to subserve, and the circumstances under which it was executed, that the intention was to convey an absolute interest, such an estate will pass without the use of words of limitation." And in the recent case of Larmour vs. Rich, from this Court (and not yet reported), construing a deed prior to the conveyancing act, it is decided that the rule which requires the gratification of the testator's intention apparent upon the face of the will, is applicable also to the construction of a deed; and rarely invoked except where the intention is inaptly or obscurely expressed, and are not allowed to defeat a clearly manifest intention. The principle announced in Merritt vs. Disney has been reaffirmed by the Court of Appeals in Foss vs. Scharf, 55 Md. 301, and also cited with approval in Handy vs. McKim, 64 Md., and upon the authority of that case, therefore I conclude that the children of Catharine Augusta Birckhead took an estate in fee simple. In fact, this case is stronger than Merritt vs. Disney, for there circumstances outside of the deed had to be looked to in order

to determine the grantor's intention; while in the case at bar the terms of the grant leave no doubt of the intention to vest an estate in fee simple in the children, it expressly conveys it to them in fee. In Timanus vs. Dugan, 46 Md. 416, &c., the Court of Appeals say the words, "to the said issue in fee," clearly showed the intention of the testator to vest an estate of inheritance in the issue, and therefore they construed the words "in fee" as equivalent to the word "heirs." It is true that was the case of a devise, where the rule requiring words of inheritance was never so rigid as in the case of a grant; but the case is quoted simply to show that the intention to convey an estate of inheritance is necessarily involved by the use of the words "in fee," and this must be the case whether they are used in a deed or will. And, if as is said emphatically in Merritt vs. Disney, it "plainly appears * * * that the intention was to convey an absolute interest, such an estate will pass without the use of the words of inheritance," it follows that the children of Catharine Augusta Birckhead took an estate in fee simple. This construction is entirely consistent with the validity of the limitation over to Hugh Birckhead, or to his right heirs, if he had died. That the limitation is not one of a fee upon a fee, as has been contended by counsel for the exceptant. The limitations are "alternative contingent remainders" or "contingent remainders with a double aspect," and as such are entirely free from objection. Claggett vs. Worthington, 3 Gill 83.