### IN THE

# COURT OF APPEALS

### OF

# MARYLAND.

---

## DECEMBER TERM, 1833.

### KENT's Adm'rs AND BOYLE *vs.* ELIZABETH TANEYHILL, *et al.—December,* 1833.

Regularly an infant's answer by his guardian is not evidence against him, because he is not sworn; and it is only for the purpose of making proper parties. It is not in reality the answer of the infant, but of the guardian only, who is sworn.

Where an infant is defendant, and it is not expressly provided by law, that his answer by guardian shall be considered an admission of the facts alleged in the bill, it is proper to put the plaintiff to proof of all his material allegations.

Under the act of 1832, ch. 302, sec. 6, where the appellate court perceives, that the substantial merits of the cause would not be determined either by affirming or reversing the Chancellor's decree, but that the purposes of justice would be advanced by further proceedings being had, the cause must be remanded to the Court of Chancery.

APPEAL from Chancery.

The bill in this case was filed by the appellants on the 2d of April, 1832; and the judge, by whom the opinion of this court was delivered, has fully stated all the circumstances.

*Boyle,* for the appellants, submitted the record to the court without argument.

VOL. VI.—1

BUCHANAN, Ch. J., delivered the opinion of the court.

It is alleged in the bill that *Samuel Taneyhill* became the purchaser of certain lands, decreed to be sold on a bill for that purpose, filed in the Court of Chancery by *Daniel Kent*, against *Elizabeth Taneyhill*, *James Taneyhill*, and *Samuel Taneyhill*.  That the sale was ratified by the Chancellor.  That *Daniel Kent* was appointed the trustee for the sale of the lands, and died without having completed the trust.  That *Samuel Taneyhill*, the purchaser, paid a part of the purchase money, $100, to *Daniel Kent* the trustee, and $20 to the complainants, *James Kent* and *Daniel Kent*, his administrators; and died intestate without personal property, leaving a widow, *Elizabeth Taneyhill*, and *James Taneyhill* and *Samuel Taneyhill*, infants, his heirs at law, without having given bond for the residue of the purchase money, the amount of which is not stated.  That *James Boyle*, one of the complainants, was appointed trustee to complete the trust, and that letters of administration were granted to *Daniel Kent* and *James Kent*, the other complainants, on the personal estate of *Daniel Kent*, the former trustee; and the bill is for a sale of the same lands, for the payment of the balance of the purchase money.

*Elizabeth Taneyhill*, the widow of *Samuel Taneyhill* the purchaser, in her answer, and *James Taneyhill* and *Samuel Taneyhill*, his infant heirs, by their guardian, in their answer admit the allegations of the bill, and that they are willing the lands should be sold.

The bill was dismissed by the Chancellor, and the cause coming up by appeal from the Chancellor's decree, is submitted to this court without argument.

The bill is untechnically drawn.  There is no regular reference to the proceedings in the cause in which the lands in question are alleged to have been decreed to be sold; nor is it any where stated, for what amount they were sold by *Daniel Kent* the deceased trustee; but a general allegation only, that the balance of the purchase money remains

unpaid, for the payment of which the same lands are now again sought to be sold by the appellants, two of whom are styled administrators of the personal estate of the former trustee ; and the other stated to be a trustee appointed by the Chancellor to complete the trust, with no testimony whatever on the part of the appellants to sustain a single allegation in the bill; which is said to be supplied according to the practice of the chancery court, by the answer of the widow of *Samuel Taneyhill* the alleged purchaser, and of the infant heirs at law by their guardian, admitting the facts stated in the bill to be true.   Regularly an infant's answer by his guardian is not evidence against him, because he is not sworn, and it is only for the purpose of making proper parties.   It is not in reality the answer of the infant, but of the guardian only who is sworn ; and there is great danger to the interests of an infant, in permitting such an answer to be read against him, who from his tender years, may know nothing of the contents of the answer put in for him by his guardian, or not be able to judge of it, or of its effect.   And the guardian *ad litem* is so appointed, as often to know nothing of the matter himself; and too much caution cannot well be observed, in guarding the rights of infants, not only against the improvident answers of honest guardians, but against the answers of such as may have sinister views ; to say nothing of how far an infant may ordinarily be bound by a decree, upon an answer by his guardian, admitting the facts of the bill.

The better and safer course, therefore, for all concerned, is in every case, in which an infant is a defendant, answering by his guardian, to put the plaintiff upon the proof of the material allegations in his bill, in the same manner, as if nothing had been admitted by the answer, unless otherwise expressly provided by law.   It is the proper course, and that which prevails elsewhere.

The bill of complaint in this case is certainly defective, in the omission to set out the amount for which the lands were sold, and of the balance still unpaid ; but it is stated

that *Samuel Taneyhill* the purchaser, never bonded for the purchase money; and if the allegations in the bill are true, the amount remaining unpaid is an equitable lien upon the lands, for the payment of which they are subject to be sold, under proper proceedings for that purpose.

It appearing therefore to this court, that the substantial merits of the cause would not be determined by either reversing or affirming the decree; but that the purposes of justice would be advanced by further proceedings being had in the Court of Chancery, the cause must be remanded to that court, under the provisions of the act of 1832, *ch.* 302, *sec.* 6.

REMANDED TO COURT OF CHANCERY FOR FURTHER PROCEEDINGS.