ANN HARRIS vs. MARY JOSEPHINE HARRIS, et. al.
June, 1834.

H by his will dated in October, 1831, devised 4-9ths of his real estate to W,
her heirs and assigns: 4-9ths to be equally divided among the children of
W, their heirs and assigns, and in case either of the said children should
die under age and without issue, his share to survive to the survivor; and
the remaining 9th to the children of J, their heirs and assigns, to be
equally divided amongst them, with a similar provision as to survivorship,
as in the case of the children of W. A bill was filed by M, against the chil-
dren of W and J, several of whom were *minors*, praying that the devised lands
may be sold, on the ground that they are not susceptible of advantageous di-
vision among the devisees, and that they would be benefitted by a sale and
division of the proceeds. The Chancellor dismissed this bill, and upon
appeal it was held, that in the absence of proof that a sale and division
of the land would benefit the minors, the Chancellor acted correctly; but
this court believing, inasmuch as the answers consented to the sale, that
the substantial merits of the case would not be determined by affirming
the decree, remanded the cause to the Chancellor, for further proceedings
under the act of 1832.

The Chancellor is not authorised to decree a sale of an infant's interest in
land, on the ground that it would be for his benefit, unless upon proof of
that fact, of which neither the infant's answer, nor the answer of adult
defendants confessing the fact, is evidence to charge the infant.

Under the 12th sec. of the act of 1785, ch. 72, the circumstance, that cer-
tain infant defendants are entitled to executory devises in land sought to
be sold as not susceptible of division, presents no obstacle to a decree for
a sale. The Chancellor has full power to carry into effect the intention
of the testator, by making such disposition or investment of that portion
of the proceeds of sale affected by the executory devises, as will preserve
its subjection to the contingencies imposed on it by the will.

APPEAL from the court of Chancery.

On the 11th of June, 1832, the appellant exhibited her
bill in the court of Chancery, praying that certain lands in
*Frederick* county might be sold, for the purpose of distri-
buting the proceeds among the parties entitled. The lands
in question had been the property of one *John Harris*, who,
by his will executed in October, 1831, devised four-ninths
thereof to the complainant, her heirs and assigns; four-
ninths to be equally divided amongst the children of *Wil-*

*liam Harris,* (the testator's son,) their heirs and assigns, and in case either of the said children should die under age and without issue, his share to survive to the survivors; and the remaining ninth to the children of *Judah Biggott,* (a daughter of the testator,) their heirs and assigns, to be equally divided amongst them; with a similar provision as to survivorship, as in the case of the children of *William Harris.* The testator died in February, 1832, and this bill was filed by the complainant against the appellees, who are the children of *William Harris* and *Judah Biggott,* several of whom are minors, praying that the lands so as aforesaid devised may be sold, upon the ground, as alleged in the bill, that they are not susceptible of advantageous division among the devisees, and that they will all be benefited by a sale and division of the proceeds, according to their several proportions.

The answers of the parties of age, and of the infants by their guardians, admitted the allegations of the bill and consented that a decree should pass as prayed. The cause was set down for hearing on the bill and answers; and at September term, 1832, *Bland,* Chancellor, passed his decree, dismissing the bill with costs. From this decree the complainant appealed to the court of Appeals.

The cause was argued before BUCHANAN, Ch. J., and MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*T. Parkin Scott,* for the appellant.

The first question is, are all the persons who by any possibility can take as purchasers before the court? They are.

In a devise to a certain class or description of persons, those only can take who are in *esse* at the time of the vesting of the estate. *Viner vs. Francis,* 2 *Cox,* 190. *Freemantle vs. Freemantle,* 1 *Cox,* 248. *Ayton vs. Ayton,* 1 *Cox,* 327. 1 *Ball and Beaty,* 449, 459.

In the case under consideration, the fee simple vested in the children of *William Harris* and of *Judah Biggott,* im-

mediately on the death of the testator; that is, in those children then living, and they are all before the court. If then, there was no devise over, I am undoubtedly entitled to the relief asked for : but there is an executory devise over. To whom? To the defendants in this cause and to no one else: then all the persons who by possibility can be interested as purchasers are before the court.

*Second Point.* Where several are interested as joint tenants, tenants in common, or parceners in lands which are susceptible of division, such division can be made by decree of the court of Chancery, although some of the parties are infants, with consent or without consent, whether the lands are held for life, in fee tail, or in fee simple; and each one then holds to himself in severalty, the part allotted to him, by the same tenure and for the same estate in duration, as they all held before the partition. 1 *Thos. Co. Litt.* 698 *Note N. Ib.* 701, *Note* 55, VII. 1 *Ves. and Beame,* 555. 1785, *ch.* 72, *sec.* 12. 1831, *ch.* 311, *sec.* 7. In this cause if the land was susceptible of division amongst the parties who now have the fee, partition could be compelled; and the circumstance of there being a devise over, would not interfere with such division, for it would not enlarge the estate of those who hold the land that is devised over; it would not enable, or in any manner assist the present tenants to defeat the devise over, each would hold his part or allotment as he held his interest in the whole. Again, those who are to take under the executory devise over, are in court, consenting to the prayer of the bill: but they are infants, and this brings me to the third point.

*Third Point.* (*See act of* 1816, *ch.* 154, *sec.* 13.) Can the court of Chancery decree a sale of lands, in which infants have a contingent interest or estate, under an executory devise? Before the court order any sale of real estate in which infants are interested, the court should be satisfied either, that justice to others demands it, or that the interests of the infants would thereby be promoted.

The plaintiffs counsel supposes, that if the cause was clear of the difficulty in relation to the devise over, the Chancellor would grant the prayer, and decree a sale, as all necessary facts are averred in the bill and admitted in the answer.

Suppose the lands sold, and the money arising from the sale in court for distribution ; the proportion of the fund which by any possibility can ever be claimed by those intended to be benefited under the devise over, is now the proportion of the infants, (the contingency is, that the party die under age without issue,) and is under the controll of the court, (1785, *ch.* 72, *sec.* 12, and 1819, *ch.* 144, *sec.* 1,) and must continue under the controll of the court, 1816, *ch.* 154, *sec.* 8, during the whole time within which the contingency must happen, that can benefit those who are to claim under the executory devise; and if the contingency does happen, the money goes as the land would have gone, 1816, *ch.* 154, *sec.* 9. And who are the persons to claim under the executory devise? they are the defendants now in court, whose interest will be promoted by a sale of the land, and who cannot under any state of facts, suffer by such sale as I have already shown, the fund being necessarily under the controll of the court.

No counsel argued for the appellees.

DORSEY, J., delivered the opinion of the court.

We see no ground for reversing the decree of the Chancellor in this case. If required to pass a final decree therein, he could not have done otherwise than dismiss the complainant's bill. The only evidence that a sale of the lands in question, would have been "for the benefit and advantage, both of the infants and other persons or persons concerned," (without which being made to appear to him, he possessed no power to decree a sale,) was the admission in the answer of the infant defendants. Such admission is not binding upon these infants, and before the Chancellor

could pass the decree prayed for, he must be satisfied of the truth of the material allegations in the bill, by other means than the answer of the infants. We concur with the solicitor of the appellant in the opinion, that the executory devises to the infant defendants, form no obstacle to the decree sought at the hands of the Chancellor. The 12*th sec.* of the act of Assembly of 1785, *ch.* 72, authorises such a decree, whenever an infant has "a joint *interest,* or *interest* in common with any other person or persons, in equal or unequal proportions, in any lands, tenements, or hereditaments. All parties in interest are before the court, the infant defendants being the persons entitled under the executory devises; and the Chancery court has full power to carry into effect the intention of the testator, by making such a disposition or investment of that portion of the proceeds of sale affected by the executory devises, as will preserve its subjection to the contingencies imposed on it by the will.

It appearing to us, that the substantial merits of the case will not be determined by affirming the decree of the Chancellor, and that the purposes of justice will be advanced by permitting further proceedings therein, and further testimony to be taken, in pursuance of the 6th *sec.* of the act of December session, 1832, entitled, "A supplement to the act, entitled an act, to define and enlarge the powers of courts of equity," the cause will be remanded to the court of Chancery.

**REMANDED TO THE COURT OF CHANCERY.**