JOHN WATSON AND OTHERS
vs.                              } DECEMBER TERM, 1851.
GEORGE W. GODWIN AND OTHERS.

[SALE OF LANDS UNDER ACT OF 1785, CH. 72, SEC. 12.]

IT must appear to the Chancellor that *all* the parties interested will be benefited by selling the property, before a decree for a sale can be passed under the Act of 1785, ch. 72, sec. 12.

The jurisdiction of the Court cannot be sustained, unless the bill alleges that it will be for the interest and advantage of all parties interested that the land should be sold.

Making the infants complainants, does not dispense with the necessity of proof in support of the allegation that it will be for their interest to have the land sold.

Neither the answer of the infant, nor the answer of adult defendants confessing the fact, is evidence to affect the infant.

A bill for a sale under this Act may, consistently with the practice of the Court, be converted by amendment into a bill for a partition.

[The original bill in this case was filed by George Watson and wife, on the 20th of June, 1849, for a sale of certain lands devised to the wife of the complainant George, and her sister Ann, the wife of the defendant Godwin, as tenants in common in equal shares.   The answer of Godwin and wife denies that the sale would be advantageous to those entitled, and objects thereto.

After the commission was issued to take testimony, the wife

of the complainant George, died, and he thereupon in his own right, and as the next friend of his infant children, filed a bill of revivor and supplement, in which it is again charged that it would be for the interest and advantage of all parties interested that the land should be sold, and which allegation is again denied by the answer of Godwin and wife. The nature of the proof taken, appears from the opinion of the Chancellor.]

THE CHANCELLOR:

This bill, as has been correctly observed, is founded upon the provisions of the 12th section of the Act of 1785, ch. 72, which authorizes the Chancellor to direct lands, tenements, &c., to be sold, in which infants, &c., have a joint interest, or interest in common with any other person or persons, when it shall appear, upon hearing and examination of all the circumstances, that it will be for the interest and advantage both of the infant, &c., and of the other person or persons concerned, that a sale should be made. It is not sufficient that one or any number of the parties less than the whole, would be benefited by the sale, but it must appear to the Chancellor that all will be benefited by selling the property. And, as will be seen upon reference to the case of *Tomlinson* vs. *McKaig*, 5 *Gill*, 256, 274, the jurisdiction of the Court cannot be sustained, unless the bill alleges that it will be for the interest and advantage of all parties interested, that the land should be sold.

The bill in this case contains the necessary allegations, and although by the supplemental bill, the infants appear as parties complainant, and by their next friend concur with the adult party in making the amendment, that does not at all dispense with the necessity of proof in support of it, as has been several times decided by this Court. If the infants had been made defendants, and by their answer by their guardian had admitted the facts alleged in the bill, still there would be no decree against them, but upon proof of all the material allegations. *Kent and Boyle* vs. *Taneyhill*, 6 *G. & J.*, 1.

In a case involving the very question raised in this, the Court of Appeals decided that the Chancellor was not authorized to decree a sale of an infant's interest in land under this Act of Assembly, on the ground that it would be for his benefit, unless upon proof of that fact, of which neither the infant's answer, nor the answer of the adult defendants confessing the fact, is evidence to affect the infant. *Harris* vs. *Harris*, 6 *G. & J.*, 111.

This being so, it must be evident that making the infants complainants, ought not to be permitted to obviate the necessity for proof, for if a practice of this sort were to prevail, the rule, as established by the Court of Appeals of not decreeing against infants, except upon proof, could in most cases be evaded. I take it, therefore, in this case, that no decree can be passed for the sale of the property in the proceedings mentioned, unless the proof shall make it apparent that it will be for the interest and advantage of all parties concerned.

The answer distinctly denies the allegation of the bill in that respect, and upon carefully reading the evidence, which is very contradictory, I do not feel myself warranted in saying that the allegation is sustained.

The counsel, in their written arguments, have presented and ingeniously urged many theories in support of the wishes and interests of their respective clients, but in a case like the present, when the only question is, whether the Court shall sell the real estate and convert it into money, and when the law giving the power to do this, declares in terms, that the party asking for its exercise shall satisfy the Court that the interests and advantages of all parties concerned will be promoted thereby, the duty of the Chancellor is confined within narrow limits. If the advantage of a sale is not made apparent by the proof, the Court ought not to order the sale, and especially it should be reluctant to exercise the power in a doubtful case, when some of the parties entitled to the property are opposed to it. As the case comes before the Court upon the bill of review and supplement, the only party applying for the sale, at least, the only party who can be properly regarded as stand-

ing in the attitude of a complainant, is John Watson, who has only a curtesy interest in that portion of the estate which belonged to his late wife, Sarah E. Watson, as his infant children, though made complainants upon the record, are no more committed to the statements of the bill, than if they had been made defendants. And it is therefore substantially a case in which he stands opposed to the parties owning one moiety of the property in fee, and in which those who own the fee in the other moiety are neutral. Under such circumstances, it seems to me the duty of the Court, to require of the complainant very strong proof in support of his case. He having but a life estate in a portion of the property, is asking that the inheritance of the other parties may be sold, that he may receive the value of his interest in money, and they resist the application, being unwilling, and denying the necessity of any such proceeding. In my judgment, the proof in the case falls short of the requirements of such a case, and a decree for a sale cannot be passed.

But though a sale will not be ordered, I do not deem it proper to dismiss the bill, as urged by the defendants' counsel, because by an amendment it may consistently, with the practice of the Court, be converted into a bill for a partition. And I shall therefore pass an order, directing the case to stand over, with leave to the complainants to apply for permission to amend.

———

CARMICHAEL and BROWN, for Complainants.
CLINTON COOK, for Defendants.