(Decided November 13th, 1862.)

---

GEORGE T. CRAWFORD, *et al.*, *vs.* RICHARD S. BLACKBURN, Adm'r of DAVID CRAWFORD.

An order passed by the Orphans Court, on the application of an administrator, for the sale of personal estate, for special reasons looking to the advantage of the estate of his intestate, or to the interests of the distributees, is passed in the reasonable exercise of a lawful discretion, and from such order no appeal will lie.

APPEAL from an order of the Orphans Court of Prince George's county, directing the appellee, as administrator of David Crawford, deceased, to sell the personal estate, other than negroes, of his intestate. The order was passed

on the petition of the appellee, urging the sale for special reasons, looking to the advantage of the estate. The appellants also filed a petition, alleging that they were the only next of kin and lawful distributees of the intestate, and objecting to the sale. Neither of said petitions was verified by oath, and no proof was offered as to the averments of either of them.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*R. J. Brent, S. H. Berry,* and *E. W. Belt,* for the appellants:

The law of Maryland secures to the distributees, by way of preference, a distribution in kind. Code, Art. 93, secs. 138 and 139, page 647. By sec. 138, where the administrator has failed to satisfy the parties, he must apply to the Court to make distribution, and the Court must appoint a day, and issue a summons for the distributees. On that day, the parties being heard, the Court may, in its discretion, with or without proof, order the sale on grounds of advantage to the estate. This specific course not having been pursued, as directed by law, we claim a reversal of both orders, that we may avail ourselves of the preference to which we are entitled. The discretionary power conferred by the Code, Art. 93, secs. 272 and 273, is only intended to apply to cases of sales for the payment of debts, &c. The words "sale as aforesaid," in sec. 273, manifestly refer to the sale mentioned in sec. 272—that is, to pay debts. A sale for distribution is specifically provided for by the above secs. 138 and 139, of Art. 93.

*C. C. Magruder* and *Th. S. Alexander,* for appellee:

1. The power of the Orphans Court to order a sale of personal estate for the purposes of administration, is a

Crawford, *et al.*, *vs.* Blackburn, Adm'r of Crawford.

discretionary power, from the exercise of which there is no appeal. Code, Art. 93, sec. 273.

2. There is no evidence of the title of the appellants, as next of kin, to impeach the order from which the appeal is taken.

COCHRAN, J., delivered the opinion of this Court:

The orders of the Orphans Court, from which this appeal was taken, must be affirmed. From an inspection of the petitions upon which the orders were passed, we must presume that the rights of the persons claiming to be entitled as distributees of the estate of David Crawford, are disputed and unsettled. The delay incident to the trial and determination of these controverted questions of right, when considered in connection with the character and wasting condition of the property ordered to be sold, in our opinion, clearly justified the order dismissing the petition of the appellants, and that passed on the petition of the appellee, directing the sale. And even if all the persons claiming as distributees were represented in the case, without any question as to their respective rights in that relation to the estate, the Court was fully authorized to direct the sale by the Code, Art. 93, sec. 138, which provides, in cases where the distribution of specific property is claimed, that the Court may direct a sale of all or of any part of such specific property, whenever it shall deem such sale the most advantageous. Sec. 273 of the same Art. also vests in the Orphans Court a general discretionary power to direct sales, either *ex officio* or upon application, whenever it may deem a sale advantageous to the persons interested in the administration; and looking to the interest of the distributees in the general distribution, or in the distribution of specific property, we think that the order for the sale in this case was passed in the reasonable exercise of a lawful discretionary power. As

far as we can understand the case, as presented by the record, we can discover no sufficient reason for disturbing the orders passed by the Court below, and shall therefore affirm them, and remand the cause.

*Orders affirmed and cause remanded.*