## ORPHANS' COURT OF BALTIMORE CITY.

Filed April 22, 1901.

IN RE ESTATE OF WILLIAM T. ROYSTON, DECEASED.

*John E. Semmes* and *N. Rufus Gill* for widow and administratrix.

*D. G. McIntosh* for heirs-at-law of William T. Royston, et al.

SAVAGE, C. J., BLOCK and O'BRIEN, JJ., concurring—

The important question of the extent of the discretion and authority of this Court to order a sale of leasehold property in order to accomplish a distribution of an estate not in kind, but in money, among the parties in interest has been brought before us by the petition filed in the matter of the estate of William T. Royston, deceased, by Elizabeth B. Royston, widow and administratrix, and we have been asked to construe Chapter 605 of the Acts of 1900, which is an additional section to Section 275 of Article 93 of the Code.

Section 274 of Article 93 of the Code, title "Sales," is as follows: "In case any executor or administrator shall not have money sufficient to discharge the just debts of and claims against the decedent, the Orphans' Court granting the letters shall, on his application, made after the return of an inventory, direct a sale of the whole property therein contained, or such part and to such an amount as the Court may think proper;" and it then sets forth the way in which such a sale shall be made. Section 275 of the same article declares that "the Court shall have power to direct a sale as aforesaid in case it shall deem a sale advantageous to the persons interested in the administration, either ex-officio or an application of any said persons," and the Legislature of Maryland added in 1900 the following section to Article 93, to be known as Section 275A of said Article: "The Court shall also have the power to direct a sale of any part of the personal estate of a decedent on application of an administrator or executor whenever it shall appear thereby, or upon such further proof as the Court may require, that a sale is advantageous to the persons interested in said estate." The provisions of the Code have been thus stated in view of the fact that we are now to determine for the first time the meaning and scope of Chapter 605 of the Acts of 1900.

The petition, under oath, filed in this case informs us that the estate now in the hands of the administratrix consists chiefly of the leasehold property mentioned in the inventory and $1,000 in bonds of the Consolidated Gas Company of Baltimore; that the decedent

died without leaving a father or mother, issue or descendants surviving him, and his estate, under the laws of this State, is, therefore, to be distributed to the petitioner, as his widow, one-half; and to the decedent's surviving brothers and sisters, the administrator of a deceased brother, and sundry children of brothers or sisters who predeceased the decedent, the other one-half; that the persons entitled to said latter half are numerous, and the shares of some of them will be small in amount; that because of that fact and of the character of the property to be distributed, it is impossible to make distribution of said property except by selling the same and dividing the proceeds of sale; that it is conceded by the parties in interest that the leasehold property will not bring at public sale as much as the sum at which it has been appraised; that $6,200 cash having been offered for all of said leasehold property, the parties interested have agreed to sell it at that price with a view to saving the expenses incident to a public sale, and because the price offered is the full value of said property; that it is for the interest and advantage of all parties interested in said estate, that all the property mentioned in the inventory be sold, the leasehold at private sale for $6,200 cash, and the bonds at the Baltimore Stock Exchange. The administratrix, as · widow, and the heirs-at-law of William T. Royston, and the parties entitled to distributive shares, through their attorney agree, in writing, that the sale be made as prayed.

It is conceded that the Orphans' Courts of this State can direct a sale of the personal property of a decedent when necessary "to discharge the just debts of and claims against the decedent," and also when no equal distribution of a specific article can be made (Code, Article 93, Sections 138 and 274). It is for us to now enquire into their discretionary powers in cases in which the Court shall consider a sale "advantageous" to the persons interested in the estate, and we will first determine the policy of the law as set forth in decisions of our Court of Appeals before interpreting the language of Section 275A of Article 93, above quoted.

A careful examination of the cases in point (and which are to be found in 6 G. & J. 111, Evans vs. Iglehart; 9 Md. 290, Williams vs. Holmes; 19 Md. 41, Crawford vs. Blackburn; 74 Md. 346, Woeful vs. Evans; and 78 Md. 537, Kendall vs. Devecmon), has led us to the conclusion that while the general policy of the testamentary law of Maryland is to require distribution specifically, i. e. in kind, that an exception is made in cases where the Court is satisfied that a sale is necessary for an advantageous division, and that it is for the Orphans' Court, to which application may be made by petition, to decide in view of the special circumstances and facts of each case satisfactorily proved as the Court may require, whether or not such a necessity to sell exists, and that when so satisfied it may order a sale in order that a division in money may be effected.

We will now adjudicate the only questions involved, namely, the proper construction of Sections 275 and 275A of Article 93 of the Code. They are to be read and considered together, as the latter section is declared to be an "additional section" to Section 275. It must be presumed that the framer of Section 275A and the Legislature had in mind the decisions to which we have referred and also Sections 274 and 275 when Section 275A was added, and that a necessity (founded though it may have been on only a doubt in some minds as to the law on the subject) for an additional Act existed in order that exigencies such as the present, and which not infrequently arise in the settlement of estates, might be met, and that it was their intention to extend the discretion and authority of the Orphans' Courts of Maryland and enable them to meet them. The use in Section 275A of the words "also," "or upon such further proof as the Court may require," and "advantageous" show, in our opinion, that it was intended that the statute should be remedial in its application and should give to the Orphans' Courts discretion and power not possessed by them at the time of the passage of the Act. If such an intention did not exist the Act of 1900, Chapter 605, must be considered useless and ineffectual. We believe that the language of that Act, taken in connection with Section' 275, is sufficiently broad and explicit. The well-known rule of law is that statutes of a remedial character shall be liberally interpreted.

We are confirmed in our view of the latest expression of legislative will and intention by the decision in Crawford vs. Blackburn, 19 Md. 40 (decided in 1862), that an order passed by the Orphans' Court, on the application of an administrator, for the sale of personal estate for special reasons looking to the advantage of the estate of his intestate or of the interests of the distributees, is passed in the reasonable exercise of a lawful discretion, and that from such an order no appeal will lie.

While satisfied that we may exercise discretion and power in such a case as is now presented, we recognize the obligation resting upon us to be very careful in their exercise, and to first diligently enquire into each case and to satisfy ourselves that we possess a full knowledge of the essential facts.

We are not prepared to pass the order as prayed, for the reason, among others, that we have no power, in any instance, to order or approve a sale of any property for a sum less than the appraised value. It is here proposed to sell at private sale for less than the appraised value. A re-appraisement must be made. We will then consider the adequacy of the cash offer for the leasehold property. We will also require such further proof in the case as we may deem necessary.