JOHN C. TOLSON, Trustee,

*vs.*

ANNIE E. BRYAN, Widow, et al.

*Partition: section* 137 *of Article* 16; *none between life tenant and remainderman.*

Under section 137 of Article 16, there can be no partition between a tenant for life and a remainderman, as the statute does not apply to such a case.      p. 341

But the owner of an undivided half interest is entitled to relief under this section, even though the other undivided interest is owned by another for life, with remainder over.

pp. 344, 345

In such a case, the court may direct the investment of the proceeds of the one-half interest due the defendant, for the benefit . of the life tenant during his life, with direction for its payment to the remaindermen on the termination of the life estate; or the life tenant and remaindermen may enter into an agreement as to the payment of the proceeds of such half interest.

p. 345

*Decided February 15th, 1917.*

Appeal from the Circuit Court for Queen Anne's County. In Equity. (Constable, C. J., Adkins and Hopper, JJ.)

The facts are stated in the opinion of the Court.

The cause was submitted to Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner and Stockbridge, JJ.

*Tolson & Tolson,* submitted a brief for the appellant.

*J. Frank Harper,* submitted a brief for the appellees.

Boyd, C. J., delivered the opinion of the Court.

This is an appeal from a decree sustaining a demurrer to and dismissing the bill of complaint filed by the appellant against the appellees for the purpose of having the property described in it sold, on the ground that it can not be partitioned without loss or injury to the parties interested. Catherine A. Bryan by her last will and testament devised to Minnie P. Bryan, her daughter, and Thomas E. Bryan, her husband, the property in question in fee simple. After the death of Catherine A., Thomas E. Bryan married again and had six children by his second wife, Annie E. He conveyed his interest in the property to his wife, Annie E., for life with remainder over to the heirs of his body of his wife, Annie E., lawfully begotten. Minnie P. Bryan conveyed her interest to the appellant, and the appellees are the widow and children, by his second wife, of the said Thomas E. Bryan, together with the wife of one of said children and the husband of another. The question in the case is whether under our statute (Section 137 of Art. 16 of Annotated Code) the appellant, who is the owner of an undivided half of the property, is entitled to a decree for the sale of the property, it being conceded by the demurrer that it is incapable of partition. It appears from the bill that the will of

Catherine A. Bryan and the deed from Thomas E. Byran were construed by the Circuit Court for Queen Anne's County, but there was no appeal to this Court and we have not been called upon to pass on that decree. We understand it to be conceded, and the demurrer admits, that Minnie P. Bryan and Thomas E. Bryan each took an undivided half interest in fee in the property, and that the children of Thomas E. Bryan by his second wife hold the undivided half formerly owned by him, subject to the life estate of their mother, and that the appellant now holds the undivided half formerly belonging to Minnie P. Bryan. All of the parties in interest are of age.

Section 137 of Article 16 is as follows:

"The court may decree a partition of any lands, tenements or hereditaments, or any right, interest or estate therein, either legal or equitable, on the bill or petition of any joint tenant, tenant in common, or any parcener or any concurrent owner, whether claiming by descent or purchase, or if it appear that said lands, tenements or hereditaments, or right, interest or estate therein can not be divided without loss or injury to the parties interested, the Court may decree a sale thereof, and a division of the money arising from such sale among the parties, according to their respective rights," etc.

The Court below was of the opinion that the case of *Gill* v. *Wells,* 59 Md. 492, controlled this, but we do not so understand that decision. The bill in that case was filed to enforce the specific performance of a contract of sale of a farm in Howard County. Mrs. Wells was the devisee of her husband of a life estate in a half interest in the property and the remainder was left to her infant child, subject to a contingent interest which ceased when the daughter reached eighteen years of age. The property was sold and a decree of the Court passed in a case in which Mrs. Wells, as testamentary guardian of the infant daughter, filed a bill against her. In

discussing the question as to what statute gave the Court jurisdiction to order a sale, it was said: "In our opinion, counsel for the appellant is in error in supposing the jurisdiction came from the Act of 1785, Ch. 72, Sec. 12, extended by section 7 of the Act of 1831, Ch. 311. As we have said, the infant was the owner in fee of the *whole property,* subject to her mother's *life estate* in one half of it, and we think it clear that a tenant for life and the reversioner have no *'joint* interest or interest *in common,'* and that they do not hold the estate *'otherwise concurrently.'* They are separate owners of separate *consecutive* interests in the same land, and to such a case the statutes referred to have no appplication." They were the statutes then in force in reference to partition.

There the mother had a life estate in one-half of the property, while the infant owned the fee in the whole subject to that life estate. In this case the appellant was not a remainderman as to any part of the property, but he was the absolute owner of an undivided half interest, and the other half was held by *consecutive* interests, the life estate of Mrs. Annie E. Bryan and the remainder owned by her children. It can not be doubted that the appellant was a "concurrent owner" with somebody as he only owned an undivided half. There could be no partition between a life tenant and the remainderman, as the statute does not apply to such a case. But the question here is whether the owner of an undivided half interest is entitled to relief under this statute when the other undivided half is owned by one for life with remainder to others, and in our judgment he is so entitled.

In 15 *Ency. of Pl. and Pr.,* 793, it is said: "A life tenant is a necessary party in an action for partition, and likewise remaindermen are necessary parties where it is sought to cut off their interests." If it be conceded that a life tenant for an undivided interest can not demand partition, which we need not determine in this case, it does not follow that he can not be made a defendant. "The interest of one of the

part owners may be such that he could be compelled to assent to a partition, but not such as to authorize him to demand one from the other part owners. A familiar illustration of this existed in the case of remaindermen, in proceedings for partition in Chancery." *Freeman on Cotenancy and Partition,* sec. 446. In 2 *Pomeroy's Equitable Remedies,* sec. 706, it is said: "While a future estate can not be partitioned in equity at the suit of a co-owner thereof, the owners of future estates may be made parties defendant to a bill by the owner of a particular estate, and may be compelled to execute conveyances for the purpose of carrying out a decree of partition."

There are a number of cases in this State which reflect more or less upon the question. In *Harris* v. *Harris,* 6 G. & J. 111, the bill was filed praying that the lands be sold on the ground that they were not susceptible of advantageous division among the devisees, and that they would be benefited by a sale and division of the proceeds. It was held that under the 12th section of the Act of 1785, Chapter 72, the circumstance that certain infant defendants were entitled to executory devises in land sought to be sold as not susceptible of division presented no obstacle to a decree for a sale, and that "the Chancery Court has full power to carry into effect the intention of the testator, by making such a disposition or investment of that portion of the proceeds of sale affected by the executory devises, as will preserve its subjection to the contingencies imposed on it by the will." In *Downin* v. *Sprecher,* 35 Md. 474, John Johnston devised an undivided sixth part of his lands to each of five daughters and the remaining undivided sixth to his "daughter, Susanna Downin, *during her life,* and after her decease, to her *male* children on her body lawfully begotten *or to be begotten* * * * the *said children* to hold in *fee simple* after her death." Four of the devisees filed a bill against Mrs. Downin, her husband, her two sons then *in esse* and the other devisee, alleging that "a partition of the lands could not in any manner be advantage-

ously made amongst the said devisees, and that it will be for the interest and advantage both of the said infants and of the other devisees above mentioned to sell the lands," etc. A decree was passed appointing a trustee who sold the land and the purchaser obtained a deed therefor. Afterwards three other sons were born to Mrs. Downin, and after her death her five sons brought an action of ejectment for the one-sixth interest. It was held that the three sons born after the decree could recover, but the Court said: "If there had been no after-born sons it could not, in our judgment, be successfully asserted that the purchaser would not have taken a good title to the whole estate." It will be observed that the life tenant of the one-sixth interest and the remaindermen *in esse* were parties to the bill. In *Thruston* v. *Minke*, 32 Md. 571, it was said on page 575: "In cases of partition, if one tenant in common has demised his undivided share in the estate for a long term, it is necessary that the tenant should be made a party to the bill in order that he may be required to join the lessor in the deed of severance; but in a case like the present, where a sale is to be made of the estate, no such necessity could exist." In *Shipley* v. *Tome Institute*, 99 Md. 520, the bill as amended was for partition. A life estate and remainder in a fourth interest were involved, but demurrers to the bill were overruled, although they were sufficient to raise the question whether the interest of a life tenant and of remaindermen in an undivided interest in property could be sold in partition proceedings. In *Numsen* v. *Lyon*, 87 Md. 31, a decree that the land should be sold for the purpose of partition was before the Court. One of the daughters of John King, in contemplation of marriage with Edgar G. Taylor, conveyed in conjunction with him to a trustee all of her property of every kind, by which deed she reserved a life interest, and at her death it was to be held for the use of any descendants she had living at the time of her death, etc. Mr. and Mrs. Taylor were parties to the suit. The Court held that the title was defective because there were two living chil-

dren of Mrs. Taylor, and they and the trustee ought to have been made parties, but the opinion went on to say: "If all the interests in remainder had been represented the decree would have bound them, and it would have been the duty of the Court to order the portion of the fund distributable to the parties entitled under the Taylor deed to be invested for their benefit. The receipt by Mrs. Taylor of the one-fourth part of the proceeds of sale can not bind the estate in remainder after her death." In *Billingslea* v. *Baldwin,* 23 Md. 85, the bill was filed in the lifetime of the devisee for life and a decree for the sale of the remainder for purposes of partition was sustained.

Other cases in this State might be cited, but we do not deem it necessary. Minnie P. Bryan and Thomas E. Bryan were the devisees of the property in question under the will of Catherine A. Bryan. There could of course have been no question about the right of either of them to have proceeded against the other for partition, or a sale if not susceptible of partition, as long as they were the owners. Nor can there be any doubt about the right of the assignee of either to proceed against the other. If a tenant in common, concurrent owner, or other person embraced by the terms of Section 137 of Article 16 could, by creating a life estate in his interest with a remainder to another or others, defeat the right to partition, it might in some cases result in tying up the interest of co-owners for many years. It may sometimes happen that a co-owner does great injustice to others by insisting upon a partition or sale, but it is a well established right, and if he complies with the requirements of the statute the Court has no power to prevent it. Certain it is that there have been many cases where partitions or sales would have been prevented by the parties, if that could have been done simply by creating a life estate with remainder over.

There can be no difficulty about the disposition of the fund. A Court of equity has the power to direct the investment of the proceeds of the one-half interest due the defend-

·ants for the benefit of the life tenant during her life, with direction for its payment to the remaindermen at the termination of the life estate, or the life tenant and the remaindermen could enter into an agreement by which it could be paid over at once, either to the life tenant or to the remaindermen as may be agreed upon, or the life tenant could agree to accept such share as she as life tenant may be entitled to. If they can not agree, then it will be the duty of the Court to have the fund properly invested, in case a sale of the property is made under a decree of the Court, passed in pursuance of the prayers of the bill. If the evidence shows that the property can be partitioned in kind, it can be done under such prayers as are now in the bill. *Rowe* v. *Gillelan,* 112 Md. 108. In that event the life tenant would be entitled to a life estate in what is set apart to the defendants. By agreement the one-half of the property could be set apart to the children of Annie E. Bryan, subject to her life estate. *Godwin* v. *Banks,* 89 Md. 679, 683.

It follows from what we have said that the decree must be reversed,. and the defendants should be required to answer within such time as the lower Court may allow, after the mandate from this Court is received.

> *Decree reversed and cause remanded, the appellees to pay the costs.*