## CHARLES B. BOSLEY *v.* AMELIA BURK ET AL.
[No. 35, October Term, 1927.]

*Decided December 8th, 1927.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Charles B. Bosley,* with whom were *Duvall, Baldwin & Bosley* on the brief, for the appellant.

*A. Walter Kraus,* with whom were *Edward E. Hargest, Jr., W. Wallace Rhynhart,* and *Marchant & Kraus* on the brief, for the appellees.

DIGGES, J., delivered the opinion of the Court.

The question presented by this appeal is, Has a court of equity in this state power to decree partition of land upon a bill filed by the fee simple owner of an undivided one-third against the remaindermen of the other two undivided thirds, when the complainant also owns the life interest in those two undivided thirds? The facts which give rise to this situation are as follows: Mrs. Junie S. Chalk at the time of her death was seised in fee simple of a tract of land located in Baltimore County containing ten acres, two roods and ten square perches. That she left a last will and testament, duly admitted to probate by the Orphans' Court of Baltimore County, whereby she devised the said property in manner following:

> "To my husband, Randolph Chalk, so long as he shall remain my widower, or for the term of his natural life should he not remarry after my decease, and from and after the date of his remarriage or death, whichever shall first occur, I give and devise the said lands and premises to my three children, Amelia Chalk, John Chalk and Alese Chalk, their heirs and assigns, in fee, share and share alike."

That letters testamentary were duly granted on March 20th, 1919, by the Orphans' Court of Baltimore County to Randolph Chalk, the surviving husband, who has not remarried, and is living. That by deed dated May 14th, 1926, duly recorded, Randolph Chalk, the life tenant, and Alese Chalk, who had then intermarried with George T. Starrett, together with her said husband, conveyed all their right, title, interest and estate in said property to the appellant. The bill of complaint, after alleging the facts above stated, further alleges that a partition of said real estate among the parties entitled thereto, according to their several interests therein, can be made without loss or injury to them, but that said parties, though of full age, cannot come to an amicable agreement as to such partition, although the same can be made so as to subject each division or share to the estate given by said will to Randolph Chalk, which estate is now owned by the appellant. The prayers of the bill are for a decree for the partition of the property among the persons entitled thereto, according to their respective interests, and for general relief. The bill was filed by the appellant, as complainant, against John S. Chalk and Elizabeth Chalk his wife, and Amelia Burk and G. William Burk, her husband, John S. Chalk and Amelia Burk (formerly Amelia Chalk) being two of the remaindermen as created by the will. All of the defendants demurred to the bill on the ground that the court was without jurisdiction to grant the relief prayed, and that no case had been stated sufficient to entitle the complainant to any relief against the defendants or either of them. The chancellor sustained the demurrers and dismissed the bill. From that action this appeal was taken.

The appellant, under and by virtue of the deed to him, became possessed of the life estate in the whole property devised to Randolph Chalk, and the undivided one-third interest in remainder devised to Alese Chalk. The legal effect of the deed to the appellant was to create him the owner of the fee simple interest in one undivided third, and make him the holder of a life estate in the remaining two undivided

thirds. This is so, because, he becoming the owner of an undivided one-third interest in the remainder, and the life estate in the whole, the life estate, as respecting the undivided one-third in remainder which he purchased, became merged in such remainder and created a fee simple estate as to such undivided one-third.

The rule as to merger is thus stated in 16 *Cyc.* 667: "Whenever a particular estate for life and the next vested estate in remainder or reversion expectant thereon meet in the same person, the former estate is merged, provided the estate in remainder or reversion is as large as the preceding estate. If the owner of a life estate acquires the fee to only a portion of the remainder there will be a merger *pro·tanto,* but the life estate in the remainder of the property will not be affected." "Merger is the absorption of one estate in another, and takes place usually when a greater estate and a less coincide and meet in one and the same person without any intermediate estate, whereby the less is immediately merged or absorbed in the greater. To constitute a merger, it is necessary that the two estates be in one and the same person, at one and the same time, and in one and the same right." 10 *R. C. L.* 666. In 1 *Tiffany's Real Property* (1st Ed.), 76, the learned author states: "It is a well-settled rule of law that whenever a greater estate and a less coincide and meet in one and the same person, without any intermediate estate, the less is immediately annihilated, or, in the law phrase, it is said to be 'merged,' that is, sunk or drowned in the greater." (Citing 2 *Blackstone's Comm.* 177, and 4 *Kent's Comm.* 99.) To the same effect see *Graham v. Whitridge,* 99 Md. 248, 293.

Upon the purchase of the life estate in the whole and the remainder as to one undivided third by the appellant, all of the requisites necessary to constitute a merger were present. There was a meeting of the lesser and greater estates (without any intermediate estate) in one and the same person, at one and the same time, and in one and the same right. The merger having resulted in giving the appellant a fee simple interest in one undivided third of the property,

can he compel partition as against the life tenant and the remaindermen of the other two undivided thirds? We are of the opinion that he can.

Section 152 of article 16 of the Code provides: "The court may decree a partition of any lands, tenements or hereditaments, or any right, interest or estate therein, either legal or equitable, on the bill or petition of any joint tenant, tenant in common, or any parcener or any concurrent owner, whether claiming by descent or purchase." We have reached this conclusion upon the authority of *Tolson v. Bryan,* 130 Md. 338. The facts of that case were that Catherine A. Bryan by her last will and testament devised to her daughter Minnie P. Bryan, and her husband Thomas E. Bryan, the property in question in fee simple. After the death of Catherine A. Bryan, her husband, then the owner of an undivided half in fee simple, married again and had by his second wife six children. Subsequently he conveyed his interest in the property to his then wife, Annie E. Bryan, for life, with remainder over to the heirs of his body of his wife Annie E. Bryan lawfully begotten. After this conveyance Minnie P. Bryan conveyed her interest to John C. Tolson; after which conveyance Tolson owned an undivided half interest in fee simple, and the other undivided half interest was owned by Annie E. Bryan for life, with remainder to her children begotten by Thomas E. Bryan. Upon this state of ownership Tolson filed a bill for the sale of the entire property, alleging that it could not be partitioned without loss or injury, and made Annie E. Bryan and her children parties defendant. To that bill a demurrer was filed, which was sustained by the lower court, and on appeal to this court the order of the lower court was reversed, Chief Judge Boyd writing the opinion. The question in that case was whether Tolson was such a concurrent owner with the defendants as would entitle him to maintain a bill for partition, under the provisions of section 152 of article 16 of the Code above quoted, and the court decided that he was. In the course of the opinion the court said: "In this case the appellant was not a remainderman as to any part of the property, but

he was the absolute owner of an undivided half interest, and the other half was held by consecutive interests, the life estate of Mrs. Annie E. Bryan and the remainder owned by her children. It cannot be doubted that the appellant was a 'concurrent owner' with somebody as he only owned an undivided half. There could be no partition between a life tenant and a remainderman, as the statute does not apply to such a case. But the question here is whether the owner of an undivided half interest is entitled to relief under this statute when the other undivided half is owned by one for life with remainder to others, and in our judgment he is so entitled."

In the present case the learned chancellor relied upon the decision in *Brown v. Brown,* 67 W. Va. 251, 21 Ann. Cas. 263. It is true that under a state of facts such as exist in the present case that court decided there could be no partition; but the statute of West Virginia is essentially different from the one in this State. The West Virginia statute provides: "Tenants in common, joint tenants, or co-parceners, shall be compelled to make partition, and the circuit court of the county wherein the estate, or any part thereof, may be, shall have jurisdiction in cases of partition, and in the exercise of such jurisdiction, may take cognizance of all questions of law affecting the legal title that may arise in any proceeding." Barnes' W. Va. Code Ann., 1923, p. 1665. The court in that case said: "This court has decided that a reversioner or remainderman cannot compel partition during the continuance of a particular estate"; citing several decisions of that court in support of that statement. Those decisions were reached in construing the provision of the West Virginia Code above quoted. It is to be noted that the Maryland statute expressly provides that a decree of partition may be had of any lands, tenements or hereditaments, "or any right, interest or estate therein, either legal or equitable"; and this court has determined that estates in remainder could be partitioned under the provisions of that section upon the application of any concurrent owner. *Downin v. Sprecher,* 35 Md. 484; *Billingslea v. Baldwin,*

23 Md. 106. The West Virginia court, having decided that there could be no partition among remaindermen during the pendency of a life estate, states: "But the plaintiff has the life estate of his mother in addition to his undivided fourth in remainder as devisee. Does that life estate give him any additional right that he can add to his estate in remainder? Surely not, because a life tenant cannot compel a partition among remaindermen. A life tenant has not a particle of interest in estates in remainder, not a co-tenant with remaindermen, and nobody can have partition unless he have title to the thing to be partitioned." The reasoning of the court seems to be sound, in view of the statute and decisions of that state; but because of the difference in our statute and the decisions construing it, we do not think the decision of the West Virginia court is entitled to the effect given it by the chancellor in this case.

What was said by Judge Boyd in the *Tolson* case is applicable here. The appellant here has no interest in the remainder, but owns an undivided one-third in fee simple. Being such fee simple owner in one undivided third, he of necessity is a concurrent owner with some other person or persons. The parties who own the other interests which are concurrent with his fee simple interest are two, himself as owner of the life estate in the remaining two undivided thirds, and the consecutive interest in those two undivided thirds held by the remaindermen John Chalk and Amelia Burk. There can be no question that, if the life estate in these remaining two undivided thirds were held by John Smith, instead of by the appellant, the case would be parallel to the *Tolson* case. We see no logical reason why the fact that the appellant owns the life estate in the remaining undivided two thirds, instead of some third party, should create a legal distinction between the two cases. It is true that the life tenant was made a party defendant, together with the remaindermen, in the *Tolson* case, they owning consecutive interests which together created ownership concurrent with Tolson, and that in this case the complainant, who in addi-

34

tion to owning the fee simple interest in one undivided third is also the life tenant in the other two undivided thirds, is not made a party defendant; but he comes into a court of equity as complainant, asking for the relief prayed for in the bill, and it is a well recognized principle, under such circumstances, that he is in court for all purposes of the case, whether he be named complainant or defendant, and that his interest as life tenant in the two undivided thirds will be adjudicated in the same manner as if he had been made a party defendant. In our opinion the appellant is entitled to have partition as prayed, and under such a decree one-third part of the property will be laid off to him in fee simple, one-third in remainder to John Chalk, one-third in remainder to Amelia Burk, and the appellant will be entitled to a life estate in each of the two remainders. It follows from what we have said that the chancellor erred in passing the order of April 22nd, 1927, sustaining the demurrers and dismissing the bill of complaint, and the same must be reversed.

> *Order reversed, and case remanded for further proceedings, with costs to the appellant.*