FRANK WILLIAM PETRLIK *v.* HEVILA BETTIE PETRLIK ET AL.

[No. 1397, September Term, 1978.]

*Decided July 16, 1979.*

The cause was argued before MOORE, LOWE and MACDANIEL, JJ.

Submitted on brief by *Brian E. Frosh* for appellant.

*Charles H. Acker, III,* for appellees.

MACDANIEL, J., delivered the opinion of the Court.

This dispute is between Frank William Petrlik, the appellant, and his mother, Hevila Bettie Petrlik, and her other son, Joseph Petrlik, who are the appellees. The controversy concerns a single family residence and lot in Silver Spring, Maryland.

Originally, Hevila and her husband, Frank Joseph Petrlik, Jr., owned the property as tenants by the entireties. In 1972, after the couple separated, one of the sons, Frank William Petrlik, the appellant, purchased the father's interest in the property. To do so, he obtained a $17,000 mortgage on the entire property. The Deed of Trust note was also signed by his mother. Hevila and the appellant became joint tenants. Sometime thereafter, Frank moved into the house. Hevila made no payments on the mortgage.

Eventually, problems arose between Hevila and her son Frank. In April 1974, Hevila moved out. Thereafter, Hevila conveyed her one-half interest to herself for life, with the remainder to her son Robert in fee simple.[1] Hevila and Robert then filed a Bill of Complaint, in the Circuit Court for Montgomery County, against Frank, seeking a sale in lieu of partition of the property and requesting that the obligation of the outstanding Deed of Trust be charged solely against Frank's share of the proceeds. The case came to trial on September 7, 1978. The lower court entered a decree ordering

---

1. For purposes of this opinion, we assume that the present ownership of the property, *i.e.,* Hevila owns a one-half interest for life, with the remainder of that one-half interest to Robert and Frank owns the other one-half interest in fee simple, to be correct, as no issue was raised below as to this ownership.

a sale in lieu of partition and ordering that the mortgage be charged against Frank's share of the proceeds only.

In its oral opinion, the lower court said, in part:

"Now, there seems to be some misunderstanding about how that was to work because it's the wife's testimony, the Plaintiff's testimony, that she was going to have the son buy the entire interest of the husband and make all the payments on a mortgage to Perpetual to finance that purchase.

The son on the other hand said that he and his mother were to divide the father's interest and split the payments.

But the fact remains that when the conveyance was made to him on December 27, 1972, the entire interest of the husband was conveyed to the son, Frank William Petrlik, and there was really no consideration of any kind conveyed to the Plaintiff wife, and under those circumstances, Frank William Petrlik and Hevila Bettie Petrlik became joint tenants.

But she really gained no more than she already had, and the Court holds that this was a residence property which is not subject to partition. The Court, therefore, orders a sale in lieu of partition as between the joint tenants even though at a later time the Plaintiff convey away a contingent remainder, that the remainder is clearly contingent, does not affect her power as a joint tenant to sell and convey this property at any time during her natural life — which she is seeking to do, has a right to do, under Real Property, Section 14-107.

The Court holds that the mortgage that was recorded by Perpetual, or the deed of trust, recorded at 43,626, dated December 27, 1972, is solely the obligation of the son, Frank William Petrlik, because it was for the purpose of securing his half in the property."

# I

On appeal, the appellant argues, first, that the lower court erred, as a matter of law, in ordering a sale of the property in lieu of partition. He contends that a life tenant and remainderman may *not* join together to demand partition or sale under § 14-107 of the Real Property Article of the Annotated Code of Maryland, which provides, in part:

> *(a) Decree of partition.* — A circuit court may decree a partition of any property, either legal or equitable, *on the bill or petition of any joint tenant, tenant in common, parcener, or concurrent owner,* whether claiming by descent or purchase. If it appears that the property cannot be divided without loss or injury to the parties interested, the court may decree its sale and divide the money resulting from the sale among the parties according to their respective rights." (Emphasis added.)

The appellant cites *Tolson v. Bryant,* 130 Md. 338 (1917), in support of his argument. In that case, the issue was whether a plaintiff who is an absolute owner of an undivided interest in property is entitled under the Maryland Real Property Article to a sale in lieu of partition when the other undivided half interest is owned by one for life with the remainder to others. The *Tolson* Court granted the plaintiff the requested relief. The Court said at 344, in part:

> "If a tenant in common, concurrent owner, or other person embraced by the terms of Section 137 of Article 16 could, by creating a life estate in his interest with a remainder to another or others, defeat the right to partition, it might in some cases result in tying up the interest of co-owners for many years. It may sometimes happen that a co-owner does great injustice to others by insisting upon a partition or sale, but it is a well established right, and if he complies with the requirements of the statute the Court has no power to prevent it."

In the present case, the appellant argues that the plaintiffs,

being the holders of a life estate and a remainder, are not a "joint tenant, tenant in common, parcener, or concurrent owner," as required by § 14-107, *supra,* and that, therefore, the court below did not have jurisdiction to order a sale in lieu of partition. He contends that the *Tolson* case is consistent with his position that the *person bringing an action* under § 14-107, *must* have a fee simple interest in land. We disagree.

Although, as the appellant correctly states, there are no cases in Maryland directly on point, we feel that *Bosley v. Burk,* 154 Md. 27 (1927), is determinative of the outcome of this case. In *Bosley,* the fee simple owner of an undivided one-third interest in property filed a bill for partition against the remainderman in fee simple of the other two-thirds' interest. The complainant also owned the life estate in the two-thirds' interest. The Court stated at 33-34:

> "We see no logical reason why the fact that the appellant owns the life estate in the remaining undivided two thirds, instead of some third party, should create a legal distinction between [this case and the *Tolson* case]. It is true that the life tenant was made a party defendant, together with the remaindermen, in the *Tolson* case, *they owning consecutive interests which together created ownership concurrent with Tolson,* and that in this case the complainant, who in addition to owning the fee simple interest in one undivided third is also the life tenant in the other two undivided thirds, is not made a party defendant; but he comes into a court of equity as complainant, asking for the relief prayed for in the bill, and it is a well recognized principle, under such circumstances, that he is in court for all purposes of the case, whether he be named complainant or defendant, and that his interest as life tenant in the two undivided thirds will be adjudicated in the same manner as if he had been made a party defendant. In our opinion the appellant is entitled to have partition as prayed ...."
> (Emphasis added.)

Like the Court in *Bosley,* we see no reason, in the present case, why a life tenant and a remainderman who may be made defendants in an action for a sale in lieu of partition may not change positions and be plaintiffs in such an action. Hevila Petrlik, the life tenant, and Robert Petrlik, the remainderman, together hold the same property interest as the appellant, who has a fee simple interest. Together, then, the appellees have a property interest which is "concurrent" with that of the appellant, as that term is employed in § 14-107, *supra.* Therefore, we hold that the appellees were proper parties to bring a bill or petition for sale in lieu of partition and that the circuit court properly accepted jurisdiction in the present case.

The appellant also raises the argument that Hevila Petrlik vacated the property in question and is, in effect, using the sale in lieu of partition proceeding as a substitute for an ejectment proceeding. Assuming without deciding that this is a proper legal issue in a partition proceeding, there is no evidence whatsoever in the record to support this contention, and the argument is, therefore, without merit.

## II

The appellant argues, next, that there was insufficient evidence to support the trial court's finding that the outstanding obligation of the Deed of Trust was solely that of the appellant. We disagree. A careful reading of the Record Extract shows Hevila Petrlik owned her interest in the property free and clear of any mortgages at the time of the transfer to her and the appellant. In addition, there was evidence that the appellant approached Hevila Petrlik to buy his father's interest and that the appellant was making the payments on the Deed of Trust. Hevila Petrlik testified that she knew, and that the appellant knew, that he was to make the payments and that it was his sole obligation. Other evidence showed, inferentially, that this was the understanding between the parties. Therefore, we hold that there was sufficient evidence for the trial court to find that the agreement between the parties was that the appellant

alone was to pay the obligation of the Deed of Trust. Because the judge was not clearly erroneous in this finding, we will affirm his decision. Maryland Rule 1086.

*Judgment affirmed.*
*Costs to be paid by appellant.*