JOHN SPESSARD AND OTHERS, *vs.* JACOB ROHRER AND OTHERS' LESSEE.

A party conveyed lands to a grantee, without adding the words "and his heirs." The object of the deed was, that the grantee might sell the lands, and discharge, out of the proceeds of the sale, the grantor's debts.  HELD : That this deed passed a fee to the trustee, of which the latter had power to dispose and to pass to the purchaser.

An assignment or conveyance of an interest *in trust* will carry a fee without words of limitation, when the intent is manifest.

Under this deed the creditors of the grantor could have compelled a sale of this property, or of so much as was necessary to pay their debts.

APPEAL from *Washington* county court.

This was an action of *ejectment*.   The appellees, the plaintiffs below, claimed the land as heirs at law of *Jacob Rohrer*, deceased.   The appellants, the defendants below, claimed, under the deed from *Jacob Rohrer* to *Joseph Graff*, referred to in the opinion of this court.   The judgment was for the plaintiffs and the defendants appealed.

The cause was argued before SPENCE, MAGRUDER, MARTIN and FRICK, J.

By J. SPENCER and PRICE for the appellants, and
By TIDBALL, for the appellees.

MAGRUDER, J. delivered the opinion of this court.

The appellees instituted their action to *Washington* county

court to recover several parcels of land which they claimed as the heirs of *Jacob Rohrer*. The defendants also attempted to derive title from the same person, who, it is admitted was seized in fee of the lands until he executed a deed to *Joseph Graff*, 14 November, 1817.

The case being submitted to the court, upon a case stated, judgment was entered for the plaintiff, and from that judgment this appeal is taken.

The judgment must be affirmed, unless the deed to *Graff* authorized him to sell the fee-simple, which was sold and conveyed by him. Both *Rohrer* and *Graff* died before the institution of this suit.

Did the deed give *Graff* authority to sell the fee? It conveys the land to him, without adding "and his heirs," and if it had been designed to convey the absolute property, no doubt it would not have been a conveyance of the fee-simple.

But the deed of *Rohrer* was executed by a man involved in debt, and is executed by him in order that *Graff* might make sale of the land, and discharge his (the grantor's) debts. It is a conveyance of all his estate and all his right and title thereto, with power to sell the same, and pay those debts. If a deed of this description conveys land to the trustee and his heirs, we are told (4 *Kent*, 310) that the legal estate is in him so long as the "execution of the trusts requires it, and no longer." So "an assignment or conveyance of an interest in trust will carry a fee, without words of limitation when the intent is manifest." 4 *Kent*, 304.

The trustee, it is believed, had the power to dispose of the fee, and also "to pass the legal estate."

The estate conveyed to *Graff* was for the benefit of the grantor's creditors, and his creditors could have compelled a sale of so much of the property as was necessary, in order to pay all their debts. If he died, or was discharged as trustee, another could have been appointed in his place, and the chancellor could have empowered and have directed him *to sell as* much of the estate as would be sufficient to pay them.

A testator may direct a sale of his real estate for such a pur-

pose, without naming any person by whom the sale is to be made, and the person who is empowered to make the sale, is authorized to sell and convey the fee. So the executor if authorized, may make the sale, although no fee is vested in him. "It is not any estate or interest of the grantee in the deed of trust which is to pay the debts; it is the estate of the grantor from whom the title is derived."

It cannot be doubted in this case that a sale of the fee was necessary in order to execute the trust, and that the deed was executed in order to give the grantee power to sell it. The trustee is to sell, pay the debts, &c., and the surplus whether lands, bonds, &c., to deliver to said *Jacob*, if alive, but if he die before the trusts are executed, then that surplus to be delivered to the heirs of said *Jacob*, or as said *Jacob* may before his decease direct by will, or other writing according to law.

JUGDMENT REVERSED WITH COSTS,