# CHÁRLES FARQUHARSON *vs.* OTHO H. EICHELBERGER & JACOB TRUST, Garnishees of LEWIS A. MUNCKS.

A deed of trust, for the benefit of creditors and exacting releases, in its premises conveys to two trustees, "and the survivor of them, and the *executors* and *administrators* of such survivor, all and singular the goods, wares, merchandise, stock in trade, chattels property *and estate, of every kind and description,* belonging to the" grantor. The *habendum* is, "to have and to hold all the said estate and property, stock in trade, chattels and effects," unto the said trustees, "and the survivor of them, and the executors and administrators of such survivor, in trust," &c. HELD:

That this deed conveys *all* the estate, *real* and *personal,* of the grantor, and a *fee-simple* interest in his lands, if he had any.

When the grant made by the *premises* is in conflict with that contained in the *habendum* of a deed, the limitation contained in the *latter* must be rejected, and the estates given in the *former* must prevail.

In a deed of trust conveying property to pay debts, the omission of the words, *"and his heirs,"* does not confine the grant to personalty, but where the intent to convey *all* the grantor's property is manifest, a *fee-simple* in *realty* also passes by implication, under the deed.

The recording of a deed of trust for the benefit of creditors and exacting releases, is, in the *absence of fraud,* sufficient *notice* to the creditors.

It is no valid objection to an assignment for the benefit of creditors and exacting releases, that it provides that the trustees shall, as soon as *conveniently may be,* sell and dispose of by public auction, or at *private sale, so much and such parts of the stock in trade,* property and estate," conveyed, "as are in *their nature saleable,* for the most money that the

Farquharson *vs.* Eichelberger & Trust, garn. of Muncks.

same will produce, in ready money, or on such *terms of credit* as the said trustee may approve."

Nor is it a valid objection to such an assignment that it provides for the payment, as a preferred debt, "of whatever rent may be due, or become due on the store or warehouse rented by the grantor, until *the stock in trade* conveyed by the deed *shall be sold* and *disposed of* by the trustees, as above stated."

It is no objection to such an assignment that it provides that the trustees shall not be "accountable for any loss or damage which may happen in and about the management or disposal of the trust estate, unless the same shall be occasioned by their *wilful neglect or default.*"

APPEAL from the Superior Court of Baltimore city.

*Attachment* on judgment issued at the instance of the appellant, on the 23rd of November 1855, and on the next day laid in the hands of Eichelberger and Trust, as garnishees of Muncks, the judgment debtor. Plea *nulla bona.*

*Exception.*—It was admitted that Muncks, on the day of its date, executed the deed of trust, hereinafter mentioned; by which he conveyed all his property, debts and effects to the garnishees, who accepted the trust, took possession of the property and assets and immediately sold the same for cash, realizing thereby the net sum of $3222.99; that they also proceeded to collect the debts, and after deducting expenses and commissions, they have received from all sources a total sum of $9133.25; of which they have paid to the creditors and persons named in the schedule annexed to the deed, $4643.30, leaving in their hands a balance of $4489.95; that creditors of Muncks, having claims amounting to $8600, in addition to these mentioned in the schedule, have accepted the deed and signed a release of their claims against him; that besides these and the claim of the plaintiff, there are creditors who claim to have due them in the aggregate about $1500, who have failed to accept the terms of the deed. It was also admitted that the day after the deed was executed, notice was given to the creditors of Muncks that it had been executed and that a preference was given by it to the creditors who should release within sixty days, by advertisement in the Baltimore American and Sun, and copies of such

vertisement sent to the creditors living out of the city, and that the plaintiff is a citizen of Baltimore. It was also admitted that at the date of this deed Muncks was indebted to the plaintiff, for which debt the latter, in September 1855, recovered the judgment for $555, with interest and costs, on which this attachment issued, and that at the date of the deed Muncks was also indebted to other persons besides the plaintiff, in various amounts, which he was unable to pay.

The deed referred to is dated the 16th of December 1854. It recites that, "Whereas, the said Lewis A. Muncks is indebted to divers persons and firms in various sums of money which he is unable now to pay, but being willing and desirous to provide for and ultimately to secure the payment of all said debts and sums of money, so far as his present means will extend, has, with that view, determined to execute these presents." It then, in its granting part, conveys to said Eichelberger and Trust, "and the survivor of them, and the executors and administrators of such survivor, all and singular the goods, wares, merchandize, stock in trade, chattels, property *and estate of every kind and description*, belonging to the said Lewis A. Muncks, and all debts, sum and sums of money, books of account, claims and other things due, owing and belonging to the said Lewis A. Muncks, and all his estate and interest therein; to have and to hold *all the said estate and property, stock in trade, chattels and effects, debts, claims and sums of money* hereby mentioned to be conveyed," unto the said trustees, "and the survivor of them, and the executors and administrators of such survivor," *in trust,* that the said trustees, "and the survivor of them, and the executors and administrators of such survivor, shall use due diligence to get into their possession the estate and property, hereby assigned and conveyed, and to collect and receive the debts and sums of money hereby assigned; and to that end" the grantor appoints the said trustees, "and the survivor of them, and the executors and administrators of such survivor," his attorneys irrevocable, in his name or otherwise, to adjust, settle and liquidate all accounts relating to the premises, "to collect and receive all the debts and sums of money hereby assigned,

9    v. 15

Farquharson *vs.* Eichelberger & Trust, garn. of Muncks.

execute receipts for the same, and "to compound for any bad or dubious debt or debts, and one or more attorney or attorneys, agent or agents, under them, or either of them, for all or any of the purposes aforesaid, from time to time, to appoint, and again at his or their pleasure to displace," and upon the *further trust*, that the said trustees, "or the survivors of them, and the executors and administrators of such survivor, do and shall, *as soon as conveniently may be*, sell and dispose of by *public auction, or at private sale, so much and such parts of the stock in trade, property and estate aforesaid, as are in their nature saleable, for the most money that the same will produce, in ready money, or on such terms of credit as the said trustees may approve*," and to apply the proceeds and the moneys collected from the debts and claims hereby assigned, to pay, 1st, the expenses incurred in the preparation, acknowledgment and recording of this deed, and the discharge of the trust, with all necessary counsel fees and all other proper costs and charges, including the hire and employment of the necessary clerks, accountants and other assistants, to close up the business of the trust, and a commission of eight per cent. to the trustees, on all moneys that may come into their hands by virtue of the trust; 2nd, "to the payment of any taxes now due on the aforesaid stock in trade, and of whatever rent may be due, or become due, on the store or warehouse on Baltimore street, rented by" the grantor, "until the aforesaid stock in trade shall be sold and disposed of by the said trustees, according to this agreement, as also to the payment of the sum of $80.38," a balance of one year's service due a clerk in the employ of the grantor; 3rd, "to the payment and discharge in full of the several and respective debts," specified in a schedule annexed to the deed, and to the payment of certain other claims specified in the deed. It then provides that the residue of the trust moneys shall be held by the trustees, "and the survivor of them, and the executors and administrators of such survivor *in trust*, to be applied to the payment of the sum of $3000 loaned" by J. Matthias to the grantor, "and also to the payment and satisfaction, equally with the said Matthias, and in full or *pro*

*rata,* as the said assets may permit, of all the creditors of"
the grantor, other than the said Matthias, "whether in other
respects preferred or not, who shall, within sixty days from
the date of this deed, signify their assent to the terms hereof
and execute and deliver to the" grantor "a full and final re-
lease and discharge of and from all claims and demands
against him to the time of executing these presents, and after
the payment of said creditors in full, if there should remain
a surplus, then in trust for the remaining creditors of the"
grantor "equally, and in case of any surplus, after paying
all the creditors of the" grantor, "and, *only in such case,*
then the surplus, if any, shall be in trust for the said" grant-
or, "his executors, administrators or assigns." The deed
then provides "that the said trustees shall not be chargeable
for any more than what they shall actually receive by virtue
of these presents, nor accountable for any loss or damage
which shall or may happen in and about the management or
disposal of the said trust estate, unless the same shall be oc-
casioned by their wilful neglect or default."

This deed was, on the day of its date, duly executed and
acknowledged by the grantor, and was also signed by the
trustees, as evidence of their acceptance of the trust, and
they also, at the same time, made oath that the consideration
stated in it was "true and *bona fide,* as therein set forth." It
was endorsed as "an *assignment of chattels* in trust," and
on the same day recorded among the *chattel records* of Bal-
timore city.

The plaintiff then asked the court to instruct the jury that
said deed of trust was void:

1st. Because it authorizes and empowers the trustees there-
in named, as soon as conveniently may be, to sell and dis-
pose of, by public auction, or at private sale, so much and
such parts of the stock in trade, property and estate by said
deed conveyed, as are in their nature saleable, for the most
money that the same will produce in ready money, or on
such terms of credit as the said trustees may approve.

2nd. Because it authorises the trustees to sell the property
by retail, or in parcels, as they may deem eligible.

3rd. Because, by the terms of the deed, the trustees are not accountable for any loss or damage which shall or may happen in and about the management or disposal of the trust estate, unless the same shall be occasioned by their wilful neglect or default.

4th. Because no notice was by the deed required to be given to creditors to file their releases, although the filing of such releases within sixty days is, by the deed, made essential to the right of creditors to come in among the preferred creditors.

5th. Because the deed provides for the payment, as a preferred debt, of whatever rent was due at the date thereof, or should thereafter become due, on the store or warehouse on Baltimore street, rented by the grantor, until the stock in trade conveyed by the deed should be sold and disposed of by the trustees.

6th. Because the said deed hinders, delays and defrauds creditors.

The court (LEE, J.) refused to give this instruction, and to this refusal the plaintiff excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Frederick W. Brune,* for the appellant, argued that this deed was void:

1st. Because the power of sale given to the trustees is not a clear direction to sell the entire trust subject, *but only so much and such parts thereof as are in their nature saleable;* thus leaving a portion of the trust subject undisposed of, which would belong to the grantor as a resulting trust.

2nd. Because if the power of sale should be construed to be a direction to sell and dispose of the whole trust subject, except the debts and claims, it is a direction to sell at private sale, as well as by public auction, and in parcels or by retail, and upon such terms of credit as the trustee shall approve.

3rd. Because this power of sale is extended and conferred

upon the executor or administrator of the surviving trustee, and is not required to be exercised until said parties can *conveniently do so;* and by these and other provisions, such as that directing the payment, out of the trust property, of the rent which should accrue upon the warehouse of the grantor until the stock in trade should be disposed of, a delay in making the sales is authorised by the deed *beyond what is necessary for the purposes of the trust, and a gradual disposition of the trust property,* at private sale, upon such terms as the trustees may approve, expressly permitted.

4th. Because the deed was intended to convey, and only conveys the *personal* property of the grantor, and does necessarily and without any reservation whatever to himself, plainly and affirmatively appearing on the face of the deed, convey absolutely *all* his property, *real* and *personal,* and a *fee-simple* in his lands, if he had any, but only a *life estate* therein, and at the same time grants preferences and requires releases from his creditors, under the penalty of a postponement of their right to participate in the property conveyed.

In support of these positions, reference is made to 3 *Md. Rep.,* 11, 38, 39, *Green vs. Trieber; Ibid.,* 40, 48, 51, 52, *Sangston vs. Gaither.* 8 *Md. Rep.,* 426, *Malcolm vs. Hodges.* 7 *Md. Rep.,* 391, 393, *American Exchange Bank vs. Inloes,* and same case in 11 *Md. Rep.,* 182. 11 *Md. Rep.,* 380, *Rosenberg vs. Moore.* 14 *Md. Rep.,* 28, 29, 30, *Barnitz vs. Rice.* 9 *Barb.,* 256 to 258, *Woodburn vs. Mosher.* 9 *G. & J.,* 77, *Hope vs. Hutchins.* 18 *Pick.,* 539, *Godfrey vs. Humphrey.* 20 *Pick.,* 256 to 258, *Bullard vs. Goffe.* 7 *Taunt.,* 79, *Doe vs. Rout.* 1 *Md. Rep.,* 344, *McChesney vs. Bruce.* 3 *Md. Rep.,* 446, *Cole vs. Ensor.* 6 *H. & J.,* 228, *Beall vs. Holmes.*

*R. R. Battee* and *Levin Gale* for the appellees.

1st. The deed provides that the trustees shall, as soon as conveniently may be, dispose of the property, for the most that it will bring in ready money or on such terms of credit as they shall approve; and further that the trustees shall pay the rent of the store theretofore occupied by the grantor until the stock

of goods shall be disposed of in pursuance of the deed.    From these two provisions the appellant seeks to draw the conclusion that the deed is void: 1st because it allows a sale on credit; and 2nd, because it authorises a sale of the property by retail or in parcels.    Without granting the second reason, the appellees insist, that these provisions only give to the trustees a reasonable and sound discretion in the exercise of their duties, which it was proper they should have.    11 *Md. Rep.*, 184, *American Exchange Bank* vs. *Inloes;* 13 *Md. Rep.*, 179, *Maennel* vs. *Murdoch;* 13 *Md. Rep.*, 538, 566, *Berry* vs. *Matthews.*

2nd. Another objection is, that by the terms of the deed, the trustees are not liable for loss or damage to the estate unless occasioned by their wilful default.  ·To meet this objection, the appellees refer to and rely upon 13 *Md. Rep.*, 175, 180, *Maennel* vs. *Murdock;* 4 *Gill*, 133, *McCall* vs. *Hinkley;* 8 *Gill*, 473, *Kettlewell* vs. *Stewart.*

3rd. A third objection is, that the deed gives a preference to such creditors as shall release within sixty days, but makes no provision for notice to the creditors.    To this objection the appellees answer, that all the deeds requiring releases which have been before this court are similar in terms, in reference to this provision, and that not one of them contains a clause requiring notice to be given to creditors.    The recording of the deed, which is necessary to give it validity, is *notice to all the world, and especially to creditors and others interested in the property.*    8 *Gill*, 473, *Kettlewell* vs. *Stewart;* 4 *Gill*, 132, *McCall* vs. *Hinkley;* 11 *Md. Rep.*, 250, *Williams* vs. *Banks;* 13 *Md. Rep.*, 493, *Cooke's lessee* vs. *Kell.*

4th. Another objection, which was not urged in the court below, but now presented for the first time, upon the authority of *Barnitz* vs. *Rice* and *Rosenberg* vs. *Moore*, is, that the deed does not upon its face convey *all* the property of the grantor, *real* as well as *personal*, and but a life estate in his land, if he had any.    To this the appellees reply that the terms of this deed are unlike those in the cases referred to, and that it does embrace all the grantor's property of every description. The terms *"estate of every kind and description"* are the·

most comprehensive that could be used, and are clearly suffi-cient to pass real estate, and in such a deed as this it is not necessary that the word *"heirs"* should be used in order to pass a *fee-simple* in land. 9 *Gill,* 262, *Spessard, et al., vs. Rohrer, et. al.* In the case of *Malcolm vs. Hodges,* 8 *Md. Rep.,* 419, the same words were held sufficient to pass all the grantor's property, *real* as well as *personal.*

LE GRAND, C. J., delivered the opinion of this court.

This is an attachment. The debt, and a sufficiency of funds in the hands of the garnishees to pay it, are not denied. The defence is, that on the 16th day of December 1854, the defendant, Lewis A. Muncks, executed a deed to the garnishees of his property, for the payment of his debts. In reply, the plaintiff contends that this deed is void, and asked the court below to so instruct the jury, which the court re-fused to do. Upon the validity of the deed depends the de-cision of this case.

In its premises, or recital, it declares, that the said Lewis A. Muncks "hath granted, bargained and sold, assigned, conveyed, transferred and made over, and by these presents doth grant, bargain and sell, assign, transfer, convey and make over, unto the said Otho W. Eichelberger and Jacob Trust, and the survivor of them, and the executors and ad-ministrators of such survivor, all and singular the goods, wares, merchandise, stock in trade, chattels, property *and estate of every kind and description belonging to the said Lewis A. Muncks,* and all debts, sum and sums of money, books of account, claims, and other things due, owing *and belonging* to the said Lewis A. Muncks, and all *his estate and interest* therein." In the *habendum* of the instrument it is said, that the grantees are "to have and to hold all the said estate and property, stock in trade, chattels and effects, debts, claims and sums of money hereby mentioned to be conveyed, transferred and assigned, unto the said parties hereto of the second part, and the survivor of them, and the executors and administrators of such survivor, in trust and confidence," &c.

The reasons assigned in argument why the deed should be considered void, are somewhat different from those urged at the trial below. It is urged before this court, that the deed was, and is, void, because it was intended to convey, and only conveys, the personal property of the grantor, and does not necessarily convey all his property, real and personal, and not a fee-simple interest in his lands, if he had any. This objection was not embraced in the instruction refused by the court, but had it been we do not think it should have availed.

In construing deeds of trust in favor of creditors; this court has, on more occasions than one, said; that the deed, on its face, must convey *all* the property of the grantor, and that the deed must be interpreted by its own language: *Rosenberg & Blondheim vs. Moore,* 11 *Md. Rep.,* 381. The question then is, does this deed convey *all* the estate, real and personal, of the grantor? We are of opinion it does do so. In the premises the grant is, of his " estate of *every kind* and *description.*"

In the case of *Budd vs. Brooke, et al.,* 3 *Gill,* 235; the the court holds the following language, which is conclusive of question: "The technical meaning of the word 'premises,' in a deed of conveyance, is everything which precedes the *habendum,* and it is in the premises of a deed that the thing is really granted." Speaking of the case then before them; the court proceeds to say: "According to our construction of the grant, made by the premises, it is in direct conflict with that contained in the *habendum.* Both cannot prevail. One must overrule the other. Which takes precedence, is the question? In our opinion, the limitations contained in the *habendum* must be rejected, and the estates given in the premises must prevail. In 2 *Lomax's Dig.,* 188, it is stated, that 'where there are two clauses in a deed, of which the latter is contradictory to the former, then the former shall stand.' And at page 215, of the same book, it is said, that 'where the *habendum* is repugnant and contradictory to the premises, is is void, and the grantee shall take the estate given in the premises.'"

The objection that there are no words of inheritance in the deed, is fully answered by the case of *Spessard and others vs. Rohrer and others,* 9 *Gill,* 261, in which it was decided that, in a deed of *trust,* conveying property for the payment of the debts of the grantor, the omission of the words, "*and his heirs,*" did not have the effect of confining the grant to personalty, but where the intent to convey *all* the property of the grantor was manifest, a fee-simple in realty also passed, by implication, under the deed.

All the other exceptions to the deed, with the exception of the one which declares against its validity because it does not require notice to be given to the creditors, are answered by the case of *Maennel et al., vs. Murdock et al., garn. of Falconer & Haskell,* 13 *Md. Rep.,* 164. In regard to notice, the recording is, in the *absence of fraud,* sufficient. *Williams vs. Banks,* 11 *Md. Rep.,* 250. *Cooke's lessee vs. Kell,* 13 *Md. Rep.,* 493. Perceiving nothing erroneous in the ruling of the court we affirm its judgment.

*Judgment affirmed.*

(Decided February 27th, 1860.)